Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3774 | **DATE** | 3/31/2003 |
| **CASE TITLE** | Davis vs. Integrated Systems | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: We grant in part and deny in part motion [120-1]. We deny motion [125-1]. We grant in part and deny in part motion [114-1]. Judgment in the amount of $8,350 in damages awarded by the jury plus $8,350 in liquidated damages for a total of $16,700 is hereby entered in favor of the plaintiff in Count 3 of the First amended complaint. Total judgment of $226,766 is hereby entered in favor of plaintiff on 42 U.S.C. Section 1981 race discrimination claims in Count I of the first amended complaint. Judgment is entered in favor of the defendant on Title VII race discrimination/gender discrimination claims in Counts I and II of the first amended complaint.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 3 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 139 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| TSA<br>courtroom deputy's initials | | MAR 31 PM 3:43<br>Date/time received in central Clerk's Office | date mailed notice<br>mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARJORIE DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 97 C 3774 |
| INTEGRATED SYSTEMS SOLUTIONS CORPORATIONS, a/k/a ISSC, | ) Wayne R. Andersen ) District Judge |
| Defendant. | ) |

MAR 31 2003

MAR 31 2003

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the following motions: 1) defendant's motion for judgment as a matter of law on plaintiff's back pay, front pay and additional Equal Pay Act ("EPA") claims; 2) plaintiff's motion for equitable relief and additional EPA damages; and 3) plaintiff's motion for entry nunc pro tunc of the judgment. For the following reasons, we grant in part and deny in part defendant's motion for judgment as a matter of law and plaintiff's motion for equitable relief and additional EPA damages. We deny plaintiff's motion for entry nunc pro tunc of the judgment.

## BACKGROUND

Plaintiff, a former employee in defendant's Customer Service Center, alleged in this action that she was discriminated against on the basis of her gender in violation of Title VII, and on the basis of her race in violation of Title VII and 42 U.S.C. § 1981. Plaintiff also alleged that defendant violated the Equal Pay Act ("EPA") by compensating her less than male employees for equal work. Following a jury trial, the jury returned a verdict for plaintiff on her § 1981 claim in the amount of $165,000. The jury also returned a verdict for plaintiff on

139

her Equal Pay Act claim, awarding her $8,350. The jury returned a verdict for the defendant on plaintiff's Title VII race and gender discrimination claims.

Presently before the Court are plaintiff's claims for wilfulness (liquidated) damages under the EPA, back pay, reinstatement, and/or front pay in lieu of reinstatement.

## DISCUSSION

### I. Equal Pay Act Liquidated Damages

At trial, plaintiff made a claim for Equal Pay Act damages for the period beginning March 1995 and ending in September 1996. The jury found in favor of plaintiff under the Equal Pay Act and awarded her $ 8,350. On the verdict form, the jury checked the box for finding a wilful violation. Thus, the jury determined that defendant's Equal Pay Act violation was wilful–a finding that defendant either knew it was violating the Act or was indifferent to whether or not it was violating the Act. *See Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125-29 (1985); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310-11 (7th Cir. 1986).

Because the Equal Pay Act is an amendment to the Fair Labor Standards Act, it is subject to the same remedial provisions as the Fair Labor Standards Act, which provides for the doubling of an award for a wilful violation of the Act. 29 U.S.C. § 206(d), 216(d). *See also Herman v. RSR, Sec. Services, Ltd., 172 F.3d 132, 142-43 (2d Cir. 1998).*

In this case, the evidence supports the doubling of the damage award under the liquidated damages provision of the EPA. At trial, the evidence revealed that in June 1995, Pamela Mustain, plaintiff's supervisor, received an equity study and recommendation to do a salary adjustment on plaintiff because she fell below the minimum salary range. Ms. Mustain contended that she did not give plaintiff the raise she was due because plaintiff was on a

2

performance improvement plan. However, Loretta Ferlouta of Human Resources testified that after April, 1995, plaintiff was not on a performance improvement plan. In fact, no salary increase was given to plaintiff until almost one year later, in May 1996.

For these reasons, we find that defendant has not shown that it acted in good faith and had reasonable grounds for believing that its acts were in conformity with the EPA. Therefore, we find that plaintiff is entitled to damages in the amount of $ 16,700.00 under the EPA.

II. Equitable Relief under § 1981

The jury also found that defendant discriminated against plaintiff based on race, in violation of 42 U.S.C. § 1981, and awarded compensatory damages in the amount of $165,000. Lost wages are recoverable under § 1981 to the same extent as they are under Title VII. *See Albermarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460 (1975); *Holland v. Jefferson*, 883 F.2d 1307 (7th Cir. 1989). Back pay, reinstatement and front pay in lieu of reinstatement are appropriate equitable remedies for a plaintiff under § 1981. *Pals v. Schepel*, 220 F.3d 495, 500 (7th Cir. 2000).

A. Back Pay

Plaintiff requests a back pay award in the amount of $ 294,648, broken down as follows: $38, 670 for the period March 1995 through September 1996; and $264,328 for the period September 1996 through June 2002, less the $ 8,350 Equal Pay Act award.

Plaintiff first argues that she is entitled to $ 38,670 for the period of March 1995 through September 1996 from which the EPA award of $ 8,350 should be subtracted. Plaintiff's support for her position is page 5 of Skoog Ex. 3, the revised expert report

3

submitted on June 26, 2002. Plaintiff argues that if she is compared to David Eckhart, she would have received additional compensation prior to being discharged had she not been discriminated against due to her race.

For the period between the date when plaintiff was discharged to the trial (September 1996 to June 2002), plaintiff seeks $264,328 in back pay, based on comparing her to Eckhart and subtracting her actual earnings during this period. In support of this figure, plaintiff cites to p.2 and p. 6 of Dr. Skoog's report.

In this case, the jury determined that plaintiff was underpaid for the period May 22, 1995 through September 13, 1996 in the amount of $ 8,350. Dividing $ 8,350 evenly throughout this time period shows that the jury awarded plaintiff approximately $ 508 per month. This places plaintiff's salary at the approximate average wage of the individuals who were ranked at a salary level of 52 (like plaintiff) and who were performing field support and MAC functions. Therefore, we believe that a back pay award in the amount of $ 508 per month for lost wages is appropriate.

Next, we must determine when the back pay award should start and end. We believe that the award should start on February 1, 1995, the date when plaintiff first began working in the Customer Services Department that was managed by Pam Mustain. We hold that the award should end on October 7, 1998. After plaintiff's discharge on September 13, 1996, she found temporary work at Aerotek and Selectech. She then worked at Discover Card from August 1997 until April 15, 1998. On October 7, 1998 plaintiff voluntarily elected to leave the computer industry and began working at Freemont in an entirely different field managing loans, where she has remained employed. Thus, we believe that the back pay award should be cut off when plaintiff began working at Freemont because, at that point, she voluntarily chose

4

to change her career path and her profession. Therefore, we find that plaintiff is entitled to an award of back pay from February 1, 1995 through October 7, 1998.

Next, we must determine whether to award plaintiff damages for lost benefits as part of the back pay award. A back pay award may include compensation for lost fringe benefits that the employee would have enjoyed, but for the unlawful conduct of her employer. *See Curler v. City of Fort Wayne*, 591 F. Supp. 327, 338 (N.D. Ind. 1984). In this case, we will award plaintiff compensation for her lost benefits. After plaintiff was discharged by the defendant, she took temporary jobs which had no benefits, and the benefits at her later jobs were lacking compared to the benefits she had with the defendant. Thus, we will award plaintiff compensation for her lost benefits. We believe that the defendant's expert, Dr. Chris Erath, has properly calculated the lost benefits rate at which plaintiff should be compensated. Therefore, we will include an amount for lost benefits in our back pay award, calculated at 9.3% of the lost salary amount.

Finally, prejudgment interest on wages due and owing is added to a back pay award in order to foster the statutory scheme of making whole a plaintiff who has been the victim of discrimination. *Hunter v. Allis-Chalmers Corp.*, 797 F.2d 1417, 1425-27 (7th Cir. 1986). In this case, we will award prejudgment interest.

Based upon the foregoing, we find that plaintiff is entitled to back pay in the total amount of $ 61,766.00. For the pre-discharge period, February 1, 1995 through September 13, 1996, we award $ 10,235 (which includes the $ 8,350 Equal Pay Act award for this same period, and then multiplied by the agreed upon prejudgment interest factor of 1.69562). For the post-discharge period, we award $ 51, 531 ( $ 34,737 multiplied by the agreed upon prejudgment interest factor of 1.48345).

B. Reinstatement And/Or Front Pay

Section 1981 allows for the reinstatement of an employee as an equitable remedy. When reinstatement is unavailable or inappropriate, front pay is a plaintiff's proper substitute remedy. *See Williams v. Pharmacia, Inc.*, 137 F.3d 944 (7th Cir. 1998).

In this case, it appears that reinstatement is inappropriate. In fact, plaintiff, herself, states at page 9 of her memorandum, "[p]laintiff believes that reinstatement at IBM is inappropriate at this time." Additionally, during the hearing on the matter, Ms. Davis herself could not say to the Court that she wanted to be reinstated to IBM.

Plaintiff later appears to request that she be reinstated to Jane Smith's position or to another position at IBM. We find that reinstatement is inappropriate in this case for three reasons. First, although this point is disputed by the plaintiff, there is evidence that plaintiff's actual job no longer exists. Defendant states that no employee is currently performing the move-add-change function that plaintiff previously preformed at ISSC, and plaintiff's former department has been significantly downsized. *See Ray v. Iuka Special Mun. Separate School Dist.*, 51 F.3d 1246 (5th Cir. 1995).

Second, although plaintiff requests that she be reinstated to Jane Smith's position or to another position at IBM, she has provided no evidence to show that she has the skills necessary to perform these jobs. Instead, plaintiff admits that she would need training in order to do so.

Finally, we believe that reinstatement could have an adverse effect. *See Romasanta v. United Air Lines, Inc.*, 717 F.2d 1140 (7th Cir. 1983). This Court is hesitant to force this employer and employee to work together in a long term relationship when their relationship is

anything but harmonious. It is questionable whether these parties could enjoy a productive working relationship. For these reasons, we will not order reinstatement in this case.

When reinstatement is not appropriate, as here, front pay is designed to make plaintiff whole for a reasonable future period required for plaintiff to re-establish her rightful place in the job market. *See Thompson v. Sawyer*, 678 F.2d 257, 267-68 (D.C. Cir. 1982). In this case, plaintiff requests five years of front pay in an amount of $ 231,779.

We find that a front pay award is not warranted in this case in light of the testimony at trial that plaintiff voluntarily left employment for a lower-paying job closer to home, and that she now is employed by her own choice in another industry that is less stressful. Thus, any award of front pay based on the assumption that plaintiff would continue to be working at ISSC or IBM today and for years in the future is contrary to the record and amounts to a windfall rather than equitable compensation.

For these reasons, we deny plaintiff's request for an award of front pay.

## CONCLUSION

For the foregoing reasons, we grant in part and deny in part plaintiff Marjorie Davis' motion for equitable relief and additional Equal Pay Act damages (# 120-1 ). We deny plaintiff's motion for entry nunc pro tunc of judgment (# 125-1). We also grant in part and deny in part defendant Integrated Systems Solutions Corporation's motion for judgment as a matter of law on plaintiff's back pay, front pay and additional Equal Pay Act claims (# 114-1).

The Court hereby orders as follows:

1. Judgment in the amount of $ 8,350 in damages awarded by the jury plus $ 8,350 in liquidated damages for a total of $ 16,700 is hereby entered in favor of plaintiff on the Equal Pay Act claims in Count Three of the First Amended Complaint.

2. Judgment in the amount of $ 165,000 in damages awarded by the jury plus $ 61,766.00 in back pay, which includes the base amount of $8,350.00 which the jury awarded under the Equal Pay Act. Therefore, a total judgment of $ 226,766.00 is hereby entered in favor of plaintiff on the 42 U.S.C. § 1981 race discrimination claims in Count One of the First Amended Complaint.

3. Judgment is hereby entered in favor of the defendant on the Title VII (42 U.S.C. § 2000e, et seq.) race discrimination claims in Count One of the First Amended Complaint.

4. Judgment is hereby entered in favor of the defendant on the Title VII (42 U.S.C. § 2000e, et seq.) gender discrimination claims in Count Two of the First Amended Complaint.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 31, 2003